# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Case No. 20-cv-01235-RM-MEH

DANIEL COCHRAN, on behalf of himself and other similarly situated,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY;
HP ENTERPRISE SERVICES, LLC;
HEWLETT-PACKARD ENTERPRISE CO.;
HP INC.; and
DXC TECHNOLOGY SERVICES, LLC,

    Defendants.

---

## ORDER

---

Plaintiff brings this putative collective and class action against several "Hewlett-Packard" defendants alleging discrimination on the basis of age. By Notice of Related Cases, Plaintiff notified the court of two earlier filed related cases pending in California. By a subsequent Notice of Related Case, Defendants notified the court of a third related case, this time filed in Georgia. Defendants have moved to stay Plaintiff's Age Discrimination in Employment Act ("ADEA") claim based on the first-to-file rule. After reviewing the matter, by Order to Show Cause dated December 24, 2020, the Court directed the parties to show cause why this action should not be administratively closed based on the first-to-first rule. The parties have responded, with Defendants agreeing administrative closure is appropriate and Plaintiff opposing such closure. The issue is ripe for resolution. After considering the court record and taking judicial notice[1] of

---

[1] *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1171–72 (10th Cir. 1979) (discussing matters of which a court may take judicial notice); *Eden v. Voss*, 105 F. App'x 234, 240 n.6 (10th Cir. 2004) (same).

the *Forsyth* Action record, and being otherwise fully advised, the Court finds and orders as follows:

**I.      BACKGROUND**

In 2016, Donna Forsyth and others (collectively "*Forsyth* Plaintiffs") filed a putative class and collective action against HP Inc. f/k/a Hewlett-Packard Company ("HPI") and Hewlett-Packard Enterprise Company ("HPE") in the United States District Court for the Northern District of California, Case No. 5:16-cv-04775-EJD (the "*Forsyth* Action"). The *Forsyth* Plaintiffs allege that HPI and HPE violated the ADEA and California laws by targeting older workers through their Workforce Reduction Plan ("WFR Plan") and replacing them with younger employees. They seek back pay and reinstatement or, in lieu of reinstatement, front pay, as well as other relief such as punitive damages, attorney's fees, and costs.

The *Forsyth* Plaintiffs seek to certify the following nationwide classes on their ADEA claim:

> HPI Nationwide Collective:
>
> All individuals who had their employment terminated by HP, Inc. (including when HP, Inc. was named Hewlett-Packard Company) pursuant to a WFR Plan on or after December 9, 2014 for individuals terminated in deferral states; and on or after April 8, 2015 for individuals terminated in non-deferral states, and who were 40 years or older at the time of such termination.
>
> HPE Nationwide Collective:
>
> All individuals who had their employment terminated by Hewlett Packard Enterprise Company pursuant to a WFR Plan on or after November 1, 2015, and who were 40 years or older at the time of such termination.

(*Forsyth* Action, ECF No. 409, p. 13.) These collectives, however, exclude individuals who signed a Waiver and General Release Agreement or an Agreement to Arbitrate Claims (collectively, the "Separate Agreements"). The motion for preliminary certification was filed in

2

December 2020 and remains pending before the *Forsyth* Court.

In May 2020, Plaintiff filed this putative class and collective action against HPI, HPE, and three other Hewlett-Packard defendants (collectively, "HP Defendants") in this District (hereafter, "*Cochran* Action"). Plaintiff alleges that the HP Defendants are one interrelated enterprise, joint employers, and co-conspirators. Plaintiff's action is based on the same allegations as the *Forsyth* Action: the WFR Plan was used by HP Defendants to eliminate employees in the age protected class of which Plaintiff is a member. Plaintiff's claims are brought under the ADEA, the Colorado Anti-Discrimination Act ("CADA"), and other Colorado laws. Plaintiff seeks to be a representative of the following nationwide collective for the ADEA claim:

> All current, former, or prospective employees who worked for HP in the United States between May 1, 2016 and present who were at least 40 years old at the time HP selected them for termination under HP's Workforce Reduction Plan.

(ECF No. 15, ¶ 72.) HP Defendants assert Plaintiff was only employed by HPE. Plaintiff, however, seeks certification as to all HP Defendants in this *Cochran* Action under the single employer/joint employer theory of liability. Plaintiff does not seek to exclude those with Separate Agreements, but he himself has not signed such agreements.

After filing this action, Plaintiff moved to intervene in the *Forsyth* Action and this Court, upon the request of the parties, stayed this *Cochran* Action. Among other things, Plaintiff represented the following to the *Forsyth* Court as to the *Forsyth* Action vis-à-vis the *Cochran* Action:

- "[B]oth actions arise out of the same discriminatory conduct by HP";
- Both actions "involve the same overlapping issues of law and facts because both parties challenge the legality of HP's WFR under the ADEA";

3

- Plaintiff's claims "might be completely wiped-out by the resolution of [the *Forsyth* Plaintiffs'] claims;

- *Forsyth* Plaintiffs' complaint "alleges an ADEA claim that encompassed [Plaintiff's] ADEA *and* Colorado discrimination claim."

- "[*Forsyth*] Plaintiffs and [Plaintiff] seek justice under the **same laws** (the ADEA) on behalf of the **same *or* overlapping people** (the Nationwide Class and Colorado Class)."

- "[Plaintiff's] Colorado claim and ADEA claim will also likely be resolve[d] with any resolution of [*Forsyth*] Plaintiff's ADEA claim."

- "[*Forsyth*] Plaintiffs' ADEA claim and [Plaintiff's] Colorado discrimination claim invoke the same injury to the same rights – HP's discriminatory discharge of employees over the age of 40 years through HP's WFR."

(*Forsyth* Action, ECF No. 387, pp. 5-6, 9-10 (bold and italics in original).) The *Forsyth* Court denied Plaintiff's motion to intervene and this Court lifted the stay in this *Cochran* Action.

Plaintiff filed an amended complaint and HP Defendants responded with a motion to dismiss and stay. The Court's Order to Show Cause as to why this action should not be administratively closed based on the first-to-file rule followed. As stated, HP Defendants agree this entire matter should be administratively closed. Plaintiff, however, contends the rule does not – or should not – apply and, if it does, the Court should (1) allow leave to amend so the two cases do not overlap or (2) transfer this action to the Northern District of California where the *Forsyth* Action is pending.

II.   **DISCUSSION**

"When two federal suits are pending, the district court cannot resort to a rigid mechanical solution….As a starting point, courts should apply the first-to-file rule." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (quotation marks and citation omitted). Under this rule, generally, "when two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Hospah Coal Co. v. Chaco*

4

*Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). This serves to "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Georgia*, 189 F.3d 477, at *2 (10th Cir. 1999) (unpublished table decision). *See also Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (same); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[T]he general principle is to avoid duplicative litigation.").

To determine whether to apply the rule to a given case, a court considers three factors: "'(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake.'" *Wakaya*, 910 F.3d at 1124 (quoting *Baatz*, 814 F.3d at 789). The Tenth Circuit "place[s] less weight on similarity when considering abstention in concurrent federal cases than when one of the cases is in state court; when two federal cases are involved, [the court] do[es] not risk depriving a litigant of a federal forum." *Wakaya*, 910 F.3d at 1127.

These factors, however, are not exhaustive. Thus, the rule may be disregarded to prevent (1) "a misuse of litigation in the nature of vexatious and oppressive foreign suits"; (2) forum shopping; (3) inequitable conduct; (4) bad faith; and (5) anticipatory suits. *Wakaya*, 910 F.3d at 112; *Buzas Baseball, Inc.*, 189 F.3d *2-3; *Baatz*, 814 F.3d at 789 (alteration, quotation marks, and citation omitted) (cited with approval in *Wakaya*, 910 F.3d at 1124).

With respect to collective actions, "[t]he first-to-file rule is particularly appropriate in the context of competing FLSA collective actions, which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations." *Ortiz v. Panera Bread Co.,* No. 1:10CV1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) (collecting cases). *See also Rodriguez v. Granite Servs. Int'l, Inc,* No. 8:20-CV-

5

2129-T-33JSS, 2020 WL 6784116, at *2 (M.D. Fla. Nov. 18, 2020) (same). The Court considers these standards below.

**Chronology of Events.** *Forsyth* was filed in 2016 while this *Cochran* Action was filed in 2020. The *Forsyth* Action was filed first; no party contends otherwise.

**Similarity of Parties.** Plaintiff contends the collective action definitions in the *Forsyth* and *Cochran* Actions do not overlap because they exclude employees who signed Separate Agreements. However, as Plaintiff recognizes, this factor does not require strict identity of parties; substantial similarity is sufficient. *See Crocs, Inc. v. Cheng's Enterprises, Inc.,* No. 06-CV-00605-PAB-KMT, 2015 WL 5547389, at *3 (D. Colo. Sept. 21, 2015). And, here, the parties are substantially similar. Plaintiff affirmatively and repeatedly represented as much in his filings on the motion to intervene in the *Forsyth* Action. And, additionally, a review of the *Forsyth* Action record shows such exclusion in the definition apparently resulted, at least in part, from the *Forsyth* Court's determination that excluded employees were required to arbitrate under agreements to arbitrate. As the Tenth Circuit has stated, one of the rationales for the first-to-file rule is "to avoid piecemeal resolution of issues that call for a uniform result." *Buzas Baseball, Inc.*, 189 F.3d 477, at *2. Accordingly, contrary to Plaintiff's contention, the Court finds this factor is met.

**Similarity of Issues or Claims.** Plaintiff argues there is overlap but not substantial overlap. "[T]he issue must only be substantially similar in that they seek like forms of relief and hinge on the outcome of the same legal/factual issues." *Crocs, Inc.,* 2015 WL 5547389, at *3. In this case, the Court finds the primary issue on all the claims is the same and hinges on the same factual question: whether any of the HP Defendants discriminatorily discharged their employees over the age of 40 years through the WFR Plan. They also seek like forms of relief. While the

6

claims are not identical, they need not be. As Plaintiff acknowledged, the same general legal standards apply to age discrimination claims whether brought under the CADA or the ADEA.[2] *See Frank v. City of Fort Collins*, No. 18-CV-03204-RBJ, 2019 WL 3935176, at *7 (D. Colo. Aug. 20, 2019) (recognizing Colorado and federal law apply the same standards). In addition, Plaintiff also acknowledged the resolution of the *Forsyth* Action may well resolve all of Plaintiff's claims in this *Cochran* Action. Thus, this last factor also supports the first-filed rule.[3]

*Amendment.* Plaintiff requests the Court leave to amend, should it find substantial overlap exists. Plaintiff has neither filed a motion to amend nor a proposed amended complaint for the Court to consider. *See* Fed. R. Civ. P. 15.1. Nor does Plaintiff cite to any authority that he should be allowed to amend in order to avoid the first-to-file rule. Accordingly, the Court will not grant leave to amend.

*Stay, Dismiss, or Transfer.* Alternatively, Plaintiff seeks a transfer if the Court finds the first-to-file rule applies. But, as HP Defendants argue, the *Forsyth* Court has already determined that Plaintiff may not intervene. In light of that decision, the Court finds administrative closure, a stay equivalent, to be appropriate. *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987); *see also Patterson v. Santini*, 631 F. App'x 531, 534 (10th Cir. 2015) (recognizing the uses of "the administrative-closure mechanism" by district courts). But, Plaintiff is not without a remedy if the facts and circumstances change. For example, if the *Forsyth* Court denies the motion to certify, and if grounds exist, Plaintiff may well have good cause to move to reopen this action.

### III.  CONCLUSION

As Plaintiff recognizes, the application of the first-to-file rule is made on a case-by-case basis. This is not a case where different claims or theories hinge on different factual issues. Here,

---

[2] *Forsyth* Action, ECF No. 387, p. 10 n.1.
[3] There are no assertions that any equitable factors support the nonapplication of the first-filed rule.

the factual issues are the same or substantially similar and the resolution of *Forsyth* Action may effectively resolve this action. Plaintiff has already acknowledged that may be the case.

Accordingly, it is **ORDERED** that the Order to Show Cause (ECF No. 62) is MADE ABSOLUTE; and it is

**FURTHER ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, the Clerk shall close this action administratively subject to reopening for good cause; and it is

**FURTHER ORDERED** that, pursuant to D.C.COLO.LCivR 41.2, the Clerk shall terminate any pending motion.

DATED this 4th day of March, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge