**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 20-cv-01235-RM-MEH

DANIEL COCHRAN,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY,
HP ENTERPRISE SERVICES, LLC,
HEWLETT-PACKARD ENTERPRISE CO.,
HP, INC., and
DXC TECHNOLOGY SERVICES, LLC,

    Defendants.

---

## ORDER
---

    This age discrimination case is before the Court on Defendants' Motion to Dismiss (ECF No. 88), which has been fully briefed (ECF Nos. 95, 97). For the reasons below, the Motion is granted.

**I.    LEGAL STANDARDS**

    **A.    Fed. R. Civ. P. 12(b)(1)**

    Pursuant to Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for "lack of jurisdiction over the subject matter." "The general rule is that subject matter jurisdiction may be challenged by a party or raised *sua sponte* by the court at any point in the proceeding." *McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). Dismissal under Fed. R. Civ. P. 12(b)(1) is not a judgment on the merits of the plaintiff's case but only a

determination that the court lacks authority to adjudicate the matter.  *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction).  Motions under Fed. R. Civ. P. 12(b)(1) generally take one of two forms.  "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests."  *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003); *see also Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).

      **B.**      **Fed. R. Civ. P. 12(b)(6)**

To defeat a motion to dismiss, the complaint must allege a "plausible" right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007).  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  However, conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## II.     BACKGROUND

According to the operative Third Amended Complaint, Plaintiff first became an employee of Defendants in 1996, having worked previously as an independent contractor. (ECF No. 79, ¶ 19.) Although there is no dispute that he was working for Defendant Hewlett-Packard Enterprise Co. ("HPE") at the time of his termination in 2019, Plaintiff alleges that Defendants collectively comprised "one interrelated enterprise" and were "the joint employers of each other." (*Id.* at ¶¶ 6, 7.) Plaintiff excelled at his job, and, in 2015, was promoted and promised an additional promotion. (*Id.* at ¶ 22.) But in 2017, when Plaintiff was sixty years old, Defendants assigned him to a new manager. (*Id.* at ¶ 23.) The manager indicated to Plaintiff that he would not be supporting Plaintiff's promotion, and it never came to fruition. (*Id.* at ¶ 24.) The manager also removed Plaintiff from a project and assigned it to a younger employee. (*Id.* at ¶ 25.) On two other occasions, the manager denied Plaintiff the opportunity to participate in a career advancement program in which younger employees were allowed to participate. (*Id.* at ¶ 26.)

Plaintiff further alleges that Defendants had a companywide unwritten policy of discriminating against older employees, and it was understood that these employees would be targeted if another wave of workforce reductions occurred. (*Id.* at ¶ 27.) In October 2019, Plaintiff's manager informed him that his employment was being terminated pursuant to the workforce reduction plan implemented in 2012. (*Id.* at ¶¶ 49, 52.) Plaintiff was the oldest person in his workgroup at that time. (*Id.* at ¶ 53.)

Under the workforce reduction plan, employees selected for termination had a brief "redeployment period," during which they could attempt to transition into a different position without interruption, followed by a sixty-day "preferential rehire period," during which they

were allowed to apply for jobs not yet visible to external candidates. (*Id.* at ¶¶ 54.) Plaintiff applied for forty jobs with Defendants during his redeployment and preferential rehire periods, but he was not rehired. (*Id.* at ¶ 56.)

He asserts three claims against Defendants, collectively, for (1) age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), (2) age discrimination under Colorado law, and (3) wrongful termination in violation of public policy under Colorado law.

### III.   ANALYSIS

#### A.   Claims Against Non-HPE Defendants

Defendants first argue that at the time of his termination, Plaintiff had no employment relationship with any Defendant other than HPE, and therefore his claims against the remaining Defendants, which are "entirely separate, independent companies without any indicia of shared control" (ECF No. 88 at 1), should be dismissed for lack of subject matter jurisdiction. Defendants argue alternatively that the claims against them are subject to dismissal for failure to state a claim.

To establish Article III standing to sue in federal court, a plaintiff must have "suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant" and that is likely to be "redressed by a favorable decision." *Laufer*, 22 F.4th at 876 (quotations omitted). Although this Circuit has not yet decided whether an employment relationship is a jurisdictional requirement under the ADEA, Defendants note that in *Murphy v. Allstaff Med. Res., Inc.*, No. 16-cv-02370-WJM-MEH, 2017 WL 2224530, at *3 (D. Colo. May 22, 2017) (unpublished), the court found an employment relationship to be a jurisdictional requirement under the Fair Labor Standards Act ("FLSA"). And as further noted by Defendants, the ADEA expressly incorporates

enforcement provisions and other features of the FLSA. *See* 29 U.S.C. § 626(b). Moreover, Plaintiff cites no authority refuting the notion that only employees have standing to sue under the ADEA. *See Oestman v. Nat'l Farmers Union Ins. Co.*, 958 F.2d 303, 304 (10th Cir. 1992) (affirming district court's conclusion that it lacked subject matter jurisdiction over ADEA claim brought by independent contractor); *see also Forsyth v. HP Inc.*, 2020 WL 2524517, at *10 (N.D. Cal. May 18, 2020) (unpublished) (stating that only employees have standing to sue under the ADEA). Nor does he dispute that he was directly employed only by HPE.[1] Instead, Plaintiff argues that his injury is "fairly traceable" to the common workforce reduction policy used by all Defendants, who were deeply interrelated and acting as a single enterprise. (ECF No. 95 at 9.) He also argues that the Court should not consider Defendants' extrinsic evidence at this stage. (*Id.*) The Court finds neither argument persuasive.

To start, the Court can consider Defendants' extrinsic evidence in the context of their factual attack on subject matter jurisdiction. *See Maestas*, 351 F.3d at 1013. "In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001) (quotation omitted). Contrary to the allegations in the Complaint, which generally refer to Defendants collectively as "HP," Defendants have adduced evidence that at the time of Plaintiff's termination, he had an employment relationship with HPE

---

[1] There is no dispute that in 2015, Defendant Hewlett-Packard Company split into two companies, HPE and Defendant HP, Inc. (ECF No. 88 at 3-4; ECF No. 95 at 3.) The other non-HPE Defendants were formed in 2017 and 2018, after HPE spun off its enterprise services business and additional mergers and reorganizations took place. (ECF No. 88 at 4.)

only. (*See* ECF No. 53-1, ¶¶ 8, 9; ECF No. 53-2, ¶¶ 7, 8; ECF No. 53-3, ¶¶ 7, 8.) Indeed, Defendants assert that Plaintiff represented he was employed by only HPE in the *Forsyth* litigation (*see* ECF No. 88 at 8), and Plaintiff fails to address this assertion in his Response.

Plaintiff's reliance on *Wheeler v. Hurdman*, 825 F.2d 257, 258 (10th Cir. 1987), is misplaced here. *Wheeler* turned on the question of whether a general partner could assert a claim as an employee under the ADEA. *Id.* at 259. Because this jurisdictional question was necessarily intertwined with the merits of the case, the court concluded that the issue should be resolved under Fed. R. Civ. P. 12(b)(6) or 56, rather than on a 12(b)(1) motion. *Id.* But the Court finds that this case—in which the parties agree that Plaintiff was an employee of HPE and complex issues pertaining to partnerships do not arise—is not analogous to *Wheeler*.

Therefore, Plaintiff has not established that he has standing to bring his claims against the non-HPE Defendants, and the Court lacks subject matter jurisdiction over these claims.

But even if Plaintiff had standing, the Court finds Plaintiff's allegations of interrelatedness between Defendants are conclusory, at best. The Complaint lacks any specific allegations at all regarding Defendants HP Enterprise Services, LLC and DXC Technology Services, LLC. And Defendant Hewlett-Packard Company, having been split into two entities in 2017, no longer exists. Plaintiff's vague allegations that Defendants collaborated in implementing the workforce reduction policy do not show there was common control between HPE and the other Defendants with respect to Plaintiff specifically, employment practices generally, or otherwise. This is fatal to Plaintiff's claims against these Defendants whether they are analyzed under the "joint employer" test or the "single employer" test.

In *Kazazian v. Vail Resorts, Inc.*, No. 18-cv-00197-MEH, 2018 WL 2445832, at * 6, (D.

Colo. May 31, 2018) (unpublished), the court found that the plaintiff failed to plead facts demonstrating that one defendant, VRI, exercised any control over her employment. For example, Ms. Kazazian did not allege "that employees of VRI hired her, fired her, trained her, or played any other role in her employment." *Id.* The court found that "merely referring to VRI collectively with [another defendant] is insufficient to plausibly assert that both companies were Ms. Kazazian's employer." *Id.* at *7. Plaintiff's attempts to distinguish the circumstances of this case are unavailing.

Further, in *Forsyth*, 2020 WL 2524517, at *11, the court rejected the plaintiffs' contention that these Defendants, HPE and HP, Inc., could be considered a "single employer," finding that even if they used the same workforce reduction processes and paperwork, they were not so interrelated that they operated as one. The *Forsyth* plaintiffs failed to specify how HPE managers and supervisors took place in day-to-day employment decisions about HP, Inc. employees and vice versa, and allegations simply lumping together the HP entities under a single label were insufficient to show centralized control. *Id.*; *see id.* at *12 (finding that common ownership or control alone is never enough to establish parent liability). Thus, the *Forsyth* court had little trouble concluding that the plaintiffs who worked for and were terminated by HPE could not allege claims against HP, Inc. *Id.* at *13. Plaintiff has not shown why the same result should not be reached here.

The Court finds the reasoning of *Kazazian* and *Forsyth* is persuasive. The vague and conclusory allegations in the Complaint lumping Defendants together under the label "HP" are insufficient to provide a basis for liability. Accordingly, even if Plaintiff had established subject matter jurisdiction with respect to the claims against the non-HPE Defendants, he has not

7

established a basis for concluding these Defendants were involved in, or could be held liable for, his termination. Thus, these claims would be subject to dismissal under Fed. R. Civ. P. 12(b)(6).

### B. Claims Against HPE

Defendants next argue that Plaintiff's allegations against HPE are insufficient to state a claim under the ADEA or Colorado law. Because Colorado and federal law apply the same standards to discrimination claims, Plaintiff's claims under the ADEA and Colorado law rise or fall together. *See Johnson v. Weld Cnty.*, 594 F.3d 1202, 1219 n.11 (10th Cir. 2010).

The ADEA prohibits employers from discharging or otherwise discriminating against anyone with respect to their compensation, terms, conditions, or privileges of employment because of their age. 29 U.S.C. § 623(a)(1). Although standard for Rule 12(b)(6) motions does not require that Plaintiff establish a prima face case in his Complaint, the court considers the elements of an ADEA claim in determining whether Plaintiff has stated a plausible claim. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

Where, as here, a plaintiff relies on circumstantial evidence, the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973), is used to determine whether the evidence raises an inference of invidious discriminatory intent. *See Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008). Ordinarily, to establish a prima face case of age discrimination, a plaintiff must first show that he (1) is a member of the class protected by the ADEA, (2) suffered an adverse employment action, (3) was qualified for his position, and (4) was treated less favorably than others not in the protected class. *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010). The fourth element may also be established if the plaintiff establishes that he was replaced by a

younger person or produces "evidence, circumstantial or direct, from which a fact-finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *See Jones v. Unisys Corp.*, 54 F.3d 624, 630 (10th Cir. 1995) (quotation omitted). Second, the burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Adamson*, 514 F.3d at 1145. Third, if the employer proffers such a reason or reasons, the burden shifts back to the plaintiff to show they are pretextual. *Id.* "Ultimately, in order to set forth a plausible ADEA discrimination claim, Plaintiff must allege facts to sufficiently state 'that age was the "but-for" cause of the challenged employer decision.'" *Hakeem v. Denver Pub. Schs.*, No. 20-cv-00083-PAB-KLM, 2020 WL 4289422, at *10 (D. Colo. July 7, 2020) (unpublished) (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 178 (2009)).

Plaintiff contends he has stated a claim by pleading that he is a member of a protected class, was qualified for the job, and suffered an adverse employment action under circumstances giving rise to an inference of discrimination. (ECF No. 95 at 14.) However, some of the allegations on which he relies do not rise to the level of adverse employment actions. "In general, only acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits will rise to the level of an adverse employment action." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) (quotation omitted). Thus, the alleged conduct by Plaintiff's manager—failing to support Plaintiff's promotion, removing him from an assignment, denying him opportunities—is insufficient to state a claim against HPE. Likewise, allegations that Plaintiff heard stray comments about retirement (attributed to no one

in particular) do not amount to adverse employment action.

Other allegations on which Plaintiff relies fail to show circumstances giving rise to an inference of discrimination. For example, his threadbare allegations about applying for other jobs that he did not get are insufficient to create such an inference. Aside from failing to allege that he was qualified for these positions or that they were offered by HPE specifically, Plaintiff does not allege that younger people were selected or make any showing that he was similarly situated to them. In a similar vein, the allegation that a promised promotion did not materialize, devoid of context, does not create an inference of discrimination.

That leaves Plaintiff's termination as the basis for his claims. He does not allege that he was replaced by a younger employee. (*See* ECF No. 95 at 17.) Instead, he argues that he was treated less favorably than younger employees and that HPE intended to discriminate against him because of his age. But Plaintiff fails to identify any factual allegations to support either assertion. Conclusory assertions are insufficient to support an inference of discrimination. *See Bekkem v. Wilkie*, 915 F.3d 1258, 1266 (10th Cir. 2019). Plaintiff's non-conclusory allegations do not identify the decisionmakers responsible for his termination or provide any information about how the decision was made, much less establish that age was the factor that made the difference in his termination. *See Jones*, 54 F.3d at 630. Nor does he explain how various statements made by executives at "HP" caused him to be terminated.

Finally, to the extent Plaintiff attempts to assert a disparate impact theory of liability, he has not shown that the purportedly neutral workforce reduction policy caused a significant disparate impact on older employees. Although he alleges that as of 2015, 85 percent of the employees Defendants terminated under the workforce reduction policy were members of the

class protected by the ADEA, he fails to put that statistic into any meaningful context or explain how it implicates his termination, which occurred four years later.  (ECF No. 79, ¶ 42.)  The Complaint vaguely alleges that "older employes were substantially overrepresented for selection for termination" and makes similar allegations but fails to provide any factual basis for such allegations.  (*Id.* at ¶ 45.)  Thus, Plaintiff's fundamental allegation that HPE decided to terminate him because of his age is conclusory and unsupported.

In short, the Court finds Plaintiff's allegations have not nudged his discrimination claims across the line from conceivable to plausible, and therefore they must be dismissed.  *See Twombly*, 550 U.S. at 570.

### IV.     CONCLUSION

The Motion to Dismiss (ECF No. 88) is GRANTED.  To the extent Plaintiff requests leave to amend the Complaint, which has already been amended three times, he has not filed a separate motion as required.  Nor has he provided a proposed amended version of the complaint or explained what additional allegations it would include.  Accordingly, the Court discerns no basis for granting leave to amend, and the Clerk is directed to CLOSE this case.

DATED this 18th day of March, 2024.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

11